Strafford, }
June, 1897. }

## ROCHESTER BUILDING & LOAN ASSOCIATION *v.* ROCHESTER.

Building and loan associations are taxable for the sum of their net profits
and the amounts paid in by the shareholders, less the statutory exemption.

PETITION, for tax abatement. Facts agreed. The plaintiffs
are organized under the laws of the state and located at Roches-
ter. April 1, 1896, the monthly payments, or dues paid in by
the plaintiffs' shareholders, amounted to $112,605. The net
profits were $19,655. The plaintiffs have loaned their share-
holders, on notes secured by mortgages upon the homesteads of
the debtors in this state, $125,000. The tax was assessed April
1, 1896, upon the total of the monthly payments and accrued
profits, $132,260, less $125,000, or $7,260.

*Elmer J. Smart* and *Worcester, Gafney & Snow*, for the plain-
tiffs.

*George E. Cochrane*, for the defendants.

PARSONS, J. "Every building and loan association organized
under the provisions of the Public Statutes shall pay annually,
to the collector of the town or city in which the association is
located, a tax equal to the rate of taxation in the place where
the association is located, upon the whole amount paid upon its
stock or shares which are in force, less the amount of notes held
by it secured by mortgages upon the homestead of the debtor,
upon which the debtor pays a tax in this state." P. S., c. 65,
s. 7. "The interest, premiums, fines, and profits received by
the corporation, less losses and the amount paid for the necessary
expenses of the business, shall be equitably distributed among
the shares and added to the dues paid by the shareholders at
least once a year, until the value of each share in the series
reaches two hundred dollars, when it shall be paid to the share-
holder and the share shall be retired." P. S., c. 166, s. 11.

The sole question presented is whether the plaintiffs are tax-
able only for the amount paid in by the shareholders as
monthly dues upon all the shares in force, less the exemption,
or for that sum together with the net profits that have accrued.
In the one event the plaintiffs would be assessed for the
amount of the monthly dues paid in without reckoning inter-
est, premiums, or fines received, and in the other, for the value
of the shares or the amount of the property of the associa-
tion. Under the principles in accordance with which in gen-

eral building and loan associations are organized (End. Bldg. Ass., *ss.* 7–12), and the statute governing their conduct in this state (P. S., *c.* 166, *ss.* 8, 11), it is expected that the value of the shares will be increased by two increments or payments: (1) The monthly dues paid by the shareholders, and (2) the net profits obtained by the association from premiums, fines, and the investment of the sums so paid in, equitably distributed among the shares. The plaintiffs have $19,655 net profits. Assuming that they have complied with the statute under which they are organized, substantially the whole of that sum has been distributed and added to the several shares. P. S., *c.* 166, *s.* 11. By force of this addition, so much more is paid upon each share, and each share is so much nearer its paid-up or maximum value of two hundred dollars. The whole amount paid on the shares is made up in part from the payment of dues by the shareholders and in part from payments made by the association in the distribution of profits. It is immaterial whether the whole or a part of the net profits were or were not in fact apportioned to and formally applied on the shares. The profits belong to the shareholders, and at the moment of their reception by the plaintiffs constitute in legal effect a payment upon the shares within the meaning of the statute, although their formal application is not required oftener than once a year. They are held by the plaintiffs for the sole purpose of the distribution which the statute requires to be made. As against the association and for the purpose of taxation, the law treats that as done which the statute requires the association to do.

*Petition dismissed.*

All concurred.